**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

JEANCELY PAUL,
Petitioner,
v.
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; et al.,
Respondents.

Case No.: 26cv4853 DMS (GC)

**ORDER GRANTING PETITION**

This case comes before the Court on the Petition for Writ of Habeas Corpus. In their Response to the Petition, Respondents argued the case was moot because Petitioner had an upcoming bond hearing. In his Traverse, Petitioner informed the Court that his request for bond was denied. In light of that decision, and Petitioner's request for release rather than just a bond hearing, Petitioner argues his case is not moot.

The Court agrees with Petitioner that this case is not moot in light of the immigration judge's denial of Petitioner's request for bond and Petitioner's request for release. Furthermore, given the allegations in the Petition, which Respondents do not dispute, the Court agrees with Petitioner that the proper remedy here is release, not a bond hearing. *See Galan v. LaRose*, Case No. 26cv1042 DMS (MSB), ECF No. 19 at 4, and *Alvarez Gallardo*

*v. Attorney General*, Case No. 26cv2273 DMS (JLB), ECF No. 7 at 2-3. Accordingly, Respondents shall release Petitioner from custody forthwith, and shall not re-detain him without first providing a pre-deprivation hearing before a neutral decisionmaker at which Respondents must prove there are material, changed circumstances related to flight risk or danger to the community that warrant Petitioner's re-detention. The parties shall file a Joint Status Report within 72 hours of this Order's filing, confirming Petitioner has been released. The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED**.

Dated: October 16, 2026

Hon. Dana M. Sabraw
United States District Judge